IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | Cr. No. 17-00742 SOM-1 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER DENYING THE |
| vs. | ) | GOVERNMENT'S MOTION FOR |
| | ) | RECONSIDERATION WITH RESPECT |
| MELVYN GEAR, | ) | TO ITS REQUEST TO ALLOW TRUDY |
| | ) | GEAR TO TESTIFY DURING TRIAL |
| Defendant. | ) | VIA TWO-WAY VIDEOCONFERENCING |
| _____ | ) | |

**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION
WITH RESPECT TO ITS REQUEST TO ALLOW TRUDY GEAR TO TESTIFY
DURING TRIAL VIA TWO-WAY VIDEOCONFERENCING**

Before the court is the Government's motion for reconsideration of the order filed on January 3, 2019. ECF No. 40. That order denied the Government's "Motion in Limine Seeking a Court Order to Allow an Australian Witness, Trudy Gear, to Testify Live During the Trial via Two-Way Video-Teleconferencing." ECF No. 39. The court denies the Government's motion for reconsideration, concluding that the order does not contain the purported errors of fact or law that the Government complains about.

In its motion in limine, the Government requested that Defendant Melvyn Gear's ex-wife, Trudy Gear ("Trudy"), be allowed to testify at trial via two-way videoconferencing in Australia because she was unwilling to travel to Hawaii. ECF No. 25. The court denied the motion because the Government

failed to demonstrate that such videoconferencing was "necessary to further an important public policy" as required by *Maryland v. Craig*, 496 U.S. 836, 850 (1990). *See* ECF No. 39, PageID #s 387-89. The order explained that (1) "it cannot be the case that an important public policy arises anytime a foreign witness is located abroad and refuses to travel to testify at trial," and (2) "the denial of Gear's right to confront Trudy is not 'necessary' when a deposition is available under Rule 15 of the Federal Rules of Criminal Procedure." *Id.* at 387-88. As a result, allowing Trudy to testify via videoconferencing would violate Gear's right to physical, face-to-face confrontation under the Confrontation Clause of the Sixth Amendment. *See id.*

The Government's motion for reconsideration argues that the order made a manifest error of fact, focusing on the following statement: "It is this court's understanding that the Government has concluded that it will not take Trudy's deposition in Australia with or without Gear's attendance and with or without Gear's paying of his own expenses." ECF No. 40, PageID # 391 (quoting ECF No. 39, PageID # 389). The Government argues that "i[n] actuality, as the government's counsel informed the Court during the hearing on [December 13, 2018,]¹

---

¹ The Government's motion incorrectly states that the hearing occurred on January 2, 2019. *See* ECF No. 34.

2

the government *is* willing to take Ms. Gear's deposition" provided Gear shares equally in all costs associated with the deposition. *Id.* at 391-92.

This argument overlooks the court's actual reasoning in the order and the Government's statements at the hearing on its motion in limine on December 13, 2018. At the start of the hearing, the court asked what precisely the Government was seeking in its motion in limine and whether it was requesting a deposition under Rule 15. The Government made it abundantly clear that its motion sought only to allow Trudy to testify via videoconferencing. The Government was not seeking to depose Trudy and would proceed without her testimony should the court deny their motion in limine:

> MR. SILVERBERG [Government counsel]: . . . . We are not moving for a deposition for this Court -- there's no motion for a deposition in front of the Court right now. What there is is a Motion in Limine for us to have her testify live. If the Court wants to deny that, which is the Court's option of course, then we're going to go without her testimony.

ECF No. 36-1, PageID # 405. The Government repeated this position throughout the hearing:

> THE COURT: Okay. So -- so Rule 15(d) says if the deposition was requested by the government, and **you're saying you are not requesting a deposition**.
>
> MR. SILVERBERG: **That's correct**.

3

THE COURT: You only want me to determine that it is necessary to have testimony by videoconference. It's hard for me to rule that it is necessary if a deposition is available.

MR. SILVERBERG: Right, and I understand that because I went through that already. So twice they've stipulated that they would share the cost. Now they think because of this recent case, U.S. versus Carter, that all they have to do is say, We want to attend, therefore the government will be compelled to say, Okay, we'll pay for your expenses to go.

THE COURT: No, it's --

MR. SILVERBERG: I refuse to allow the government to be manipulated that way. They said this witness is an essential witness. They've said this in three different stipulations. *If they're willing to forego her testimony, so are we.*

THE COURT: Okay.

MR. SILVERBERG: That's the bottom line.

. . . .

THE COURT [to defense counsel Mr. Singh]: Okay. So you are saying that today he's – [Gear's] finances are strained by other litigation and at this point he will only agree to a deposition if the government pays for him and for you?

MR SINGH: That is correct, Judge.

THE COURT: Now, the government, even if it paid, would pay for travel and subsistence expenses.

> MR. SILVERBERG: Your honor, you have to look at the first parenthetical [of Rule 15(d)]. ***If the deposition is requested by the government --***
>
> THE COURT: Yeah, I know.
>
> MR. SILVERBERG: ***We're not -- we're not requesting.***
>
> THE COURT: Okay.

*Id.* at 406-07, 415 (emphases added). At the end of the hearing, the Government emphasized that it was not seeking a deposition given its frustrations with the defense:

> MR. SILVERBERG: . . . . [R]ight now, you know, in good faith I've made so many attempts to have a deposition in Australia and they've been frustrated both by the defendant and his counsel and I've had enough.

*Id.* at 426.

These statements demonstrated to the court that, even if a Rule 15 deposition was procedurally available to the Government, the Government had chosen not to seek one. A review of the transcript supports the court's understanding. As stated in the order, while the Government was within its discretion to decide not to pursue Trudy's deposition, the scope of a defendant's Confrontation Clause rights cannot be dependent on the Government's litigation strategy. That is, "[w]hile the court understands the Government's frustration, the Government cannot manufacture 'necessity' under the *Maryland v. Craig*

5

standard by choosing not to proceed with Trudy's deposition."
ECF No. 39, PageID # 388.

That the Government is now clarifying its willingness to proceed with the deposition under certain conditions is irrelevant to whether the existing order is based on a manifest error of fact. To date, there is no motion seeking a Rule 15 deposition before this court. The Government is of course free to file a motion arguing that it is entitled to take Trudy's deposition without Gear's presence under Rule 15(c)(3), or that it should not be required to pay Gear's share of the deposition costs under Rule 15(d). Until that happens, the court sees no factual error in its order.

Relatedly, in its motion for reconsideration, the Government "moves alternatively for an evidentiary hearing to determine the defendant's true financial picture and not just his bank balance." ECF No. 40, PageID # 394. If the Government wants an evidentiary hearing to determine whether Gear can in fact afford the costs of a deposition, it must first follow the procedures set forth in Rule 15 and file a motion in the normal course. It may not embed a new motion in what purports to be a reconsideration motion, especially when the new motion is predicated on a deposition process that the Government has not moved for.

Lastly, the Government argues that the order made a manifest error of law by failing to recognize that Rule 15(c)(3) "specifically recognizes that when a witness is located outside of the United States, special rules apply which satisfy the defendant's Confrontation Clause rights." *Id.* at 396. Rule 15(c)(3) does not have the wide-reaching application that the Government suggests; it speaks only to depositions, not to testimony at trial. Moreover, the Government cites no case law suggesting that Rule 15(c)(3) is relevant to determining whether the *Maryland v. Craig* standard is satisfied or whether two-way videoconferencing will violate a defendant's Confrontation Clause rights.

The Government argues, "And, if that Rule is constitutional, and it surely must be if it was enacted by the Supreme Court, then it is a manifest error of law for this Court to hold, as it did, that there is no 'important public policy' merely because 'a foreign witness is located abroad and refuses to travel to testify at trial.'" *Id.* at 398. The Government appears to be arguing that the very existence of Rule 15(c)(3) satisfies the "important public policy" requirement. This court is unaware of any authority for that proposition. The Government may not manufacture a manifest error of law by bald assertion.

7

For the reasons discussed above, the Government's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 9, 2019.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

United States of America v. Melvyn Gear, Cr. No. 17-00742 SOM-1; ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION WITH RESPECT TO ITS REQUEST TO ALLOW TRUDY GEAR TO TESTIFY DURING TRIAL VIA TWO-WAY VIDEOCONFERENCING.