GARY G. SINGH, #6543
Attorney at Law
700 Bishop Street, Suite 2000
Honolulu, Hawaii 96813
Telephone No. 808-529-0626
Fax No. 808-529-0627
Email: gary@garysinghlaw.com

CLARENCE S. K. KEKINA, #6170
Attorney at Law
1357 Beretania Street
Honolulu, Hawaii 96814
Telephone No. 808-892-9093
clay@claykekinalaw.com

Attorneys for Defendant
MELVYN GEAR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MELVYN GEAR,<br><br>Defendant. | ) CR. NO. 17-00742 SOM<br>)<br>) DEFENDANT MELVYN GEAR'S<br>) OPPOSITION TO GOVERNMENT'S<br>) MOTION TO ADD BAIL<br>) CONDITIONS; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>)<br>) Hearing: May 17, 2019<br>) Time: 1:30 p.m.<br>) Judge: Hon. Rom A. Trader<br>)<br>)<br>) |

DEFENDANT MELVYN GEAR'S MEMORANDUM IN OPPOSITION TO
GOVERNMENT'S MOTION TO ADD BAIL CONDITIONS

Defendant MELVYN GEAR, by and through his attorney, hereby submits

his Opposition to the Government's Motion to Add Bail Conditions Pending Sentencing.

I.    Introduction

The Government indicted Melvyn Gear for violation of 18 U.S.C. §522(g)(5)(b) which prohibits an alien who has entered the United States with a non-immigrant Visa from knowingly possessing a firearm.  The case went to trial on May 7, 2019 and on May 10, 2019 the jury returned a verdict finding Mr. Gear guilty of the one count indictment.  The Court denied the Government's oral motion to remand.

The Court acknowledged that additional conditions on bail were placed on Melvyn Gear earlier in the case because Mr. Gear wanted to travel out of the country to be present for the deposition of his ex-wife, Trudy Gear who was a material witness in the Government's case.

Mr. Gear complied with the conditions placed on him and returned to Hawaii to be present at trial in this matter and although Mr. Gear had the opportunity to flee while being out of the country he did not do so.  In other words, Melvyn Gear has conducted himself responsibly throughout the trial process.

II.    The conditions regarding Defendant's release should stay the same

Pursuant to 18 U.S.C. §3143(a) if the Court finds that there is clear and convincing evidence that the Defendant (1) is not likely to flee and (2) does not

pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) then the Court shall order the release of the person in accordance with section 3142(b) or (c).   Here, it is undisputed that there is no evidence that Mr. Gear is a danger to an individual person or the community.  However, the Government believes that Mr. Gear might flee the country pending sentencing and seeks additional bail conditions to Melvyn Gear's release including ankle monitoring and that he be forbidden from being within two miles of an airport without prior approval of U.S. Pretrial Services. The Government's concerns is based on Mr. Gear's dual citizenship with England and Australia.  The Government is in possession of Mr. Gear's Australian passport but is further concerned that it might be possible that another passport might be issued to Mr. Gear despite no evidence of the likelihood of obtaining a new passport being shown.

A.    Electronic monitoring is an excessive bail condition

Mr. Gear previously obtained an appearance bond in this case in order for him to be allowed to travel out of the country to be present for the deposition of his ex-wife.  Although Mr. Gear believes such a condition is not necessary for him to remain on bail pending sentencing he is agreeable to obtaining such an appearance bond again.

The evidence presented at trial showed that other than the instant matter Melvyn Gear has not had any prior problems with the law and has been

a law abiding person.  Moreover, Mr. Gear is a successful business person and one of the owners and operators of Kona Solar.  As he prepares for his sentencing Mr. Gear intends to handle many of his civilian affairs in a responsible manner.  He is accountable for the livelihood of other people including the employees of his company and having the ability to move freely to accomplish these goals will serve the community's best interest.

The Eighth Amendment's Excessive Bail Clause provides that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII. "The Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." Galen v. Cty of Los Angeles, 477 F.3d 652, 660 (9th Cir. 2007) (internal citation omitted). In order to prevail on an excessive bail claim, a plaintiff must show that the bail conditions are excessive for the purpose of achieving "the valid state interests for which bail is intended to serve for a particular individual." Id. However, "[t]he mere fact that [a plaintiff] may not have been able to pay the bail does not make it excessive." White v. Wilson, 399 F.2d 596, 598 (9th Cir. 1968). Where the government's interest in preventing danger or flight can be addressed by release on bail, "bail must be set by a court at a sum designed to ensure that goal, and no more." United States v. Salerno, 481 U.S. 739, 754, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987); Stack v. Boyle, 342 U.S. 1, 5, 72 S. Ct. 1, 96 L. Ed. 3 (1951) (stating that "bail set at a figure higher than an amount

-4-

reasonably calculated [to ensure the defendant's presence at trial] is 'excessive' under the Eighth Amendment").

The imposition of electronic monitoring on Mr. Gear is an excessive restraint on his liberty while he is awaiting sentencing and otherwise complying with the conditions of bail.  As such it is in violation of the Eighth Amendment's Excessive Bail Clause. See, <u>Browning-Ferris Indus .of VT, Inc. v. Kelco Disposal, Inc.</u>, 492 U.S. 257, 263 n.3, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989) (explaining that "potential for governmental abuse which the Bail Clause guards against" is implicated "when there is a direct government restraint on personal liberty, be it in a criminal case or in a civil deportation proceeding").

III.   <u>CONCLUSION</u>:

For the foregoing reasons, Defendant MELVYN GEAR respectfully requests that the Court deny the Government's Motion to Add Conditions of Bail.

DATED:     Honolulu, Hawaii, <u>May 16, 2019</u>.


<u>/s/ CLARENCE S. K. KEKINA</u>
GARY G. SINGH
CLARENCE S. K. KEKINA
Attorneys for Defendant
MELVYN GEAR

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on the

following parties at their last know address by U.S. first-class mail, postage

prepaid, and/or by email or hand delivery on or about the date of filing:

Served Electronically through CM/ECF:

MARSHALL H. SILVERBERG
Assistant U.S. Attorney
marshall.silverberg@usdoj.gov

DATED:      Honolulu, Hawaii, May 16, 2019.

/s/ CLARENCE S. K. KEKINA
GARY G. SINGH
CLARENCE S. K. KEKINA
Attorneys for Defendant
MELVYN GEAR