```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CRIM. NO. 17-000742 SOM
                             )
          Plaintiff,         )
                             )    ORDER GRANTING IN PART
     vs.                     )    DEFENDANT'S MOTION FOR
                             )    RELEASE PENDING APPEAL AND
MELVYN GEAR,                 )    DENYING THE GOVERNMENT'S
                             )    MOTION TO EXPAND THE RECORD
          Defendant.         )    ON APPEAL
                             )
```

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND DENYING THE GOVERNMENT'S MOTION TO EXPAND THE RECORD ON APPEAL**

**I.      INTRODUCTION.**

Before this court are Defendant Melvyn Gear's Motion for Release Pending Appeal and the Government's Motion to Expand the Record on Appeal. Following a jury trial, Gear was convicted of being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(B). Gear was scheduled to begin serving a 15-month sentence on January 21, 2020. Gear argues that he should be released pending appeal because he satisfies the requirements of 18 U.S.C. § 3143(b)(1). The Government opposes that request and separately asks this court to expand the record before the Ninth Circuit on that appeal.

This court grants Gear's motion in part and stays mittimus, but only until April 20, 2020, not for the duration of the appeal. The Government's motion to expand the record on appeal is denied.

## II.     BACKGROUND.

Gear, an Australian citizen, bought a Lithgow .22 caliber rifle when he lived in Australia. ECF No. 125-4, PageID # 1397-98. In 2013, Gear began working in the United States under what became a series of nonimmigrant visas. ECF No. 125-5, PageID # 1410; ECF No. 125-11, PageID # 1471; ECF No. 125-6, PageID # 1417.

In 2016, the Lithgow .22 caliber rifle was sent from Australia to the home that Gear shared with his American wife in Kailua-Kona on the Big Island. *See* ECF No. 125-7, PageID # 1435; ECF No. 125-6, PageID # 1421. The rifle was delivered on August 23, 2016, and it remained in Gear's residence until July 18, 2017. ECF No. 125-6, PageID # 1421-22. At the time, Gear had an H-1B nonimmigrant visa that he had received on January 5, 2017. *See* ECF No. 125-11, PageID # 1471.

On May 31, 2017, Australian authorities informed United States law enforcement personnel that the rifle might have been shipped to Gear's residence in Hawaii. ECF No. 125-6, PageID # 1416. On July 18, 2017, after obtaining a warrant, four federal agents searched Gear's residence. ECF No. 125-6, PageID # 1422. One of the agents, Christopher Kobayashi, testified that Gear initially claimed that he had thrown the rifle in a dump. ECF No. 125-7, PageID # 1435-36. When the agents confronted him with

the search warrant, however, Gear admitted that the rifle was in the garage. ECF No. 125-7, PageID # 1436.

During their search, the agents also found evidence concerning Gear's immigration status. Agent Kobayashi stated that, during his initial conversation with Gear, Gear acknowledged that "he couldn't possess a firearm in the State of Hawaii, because he was not a U.S. citizen." ECF No. 125-7, PageID # 1434. Gear gave Agent Kobayashi a copy of his passport. Gear's H-1B nonimmigrant visa was attached to a page in the passport. ECF No. 125-7, PageID # 1455. The opposite page of the passport included stamps indicating that Gear had been admitted to the United States on January 9, 2017, on an H-1B visa. ECF No. 125-11, PageID # 1471.

At trial, the parties agreed on instructions the court should give the jury as to the elements of the crime of possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(B). This court instructed the jury that the Government had to prove: (1) that Gear "knowingly possessed a Lithgow .22 rifle," (2) that "at some point before July 18, 2017, the Lithgow .22 rifle had been shipped and/or transported in foreign commerce from Australia to the United States," and (3) that Gear was "an alien who had been admitted into the United States under a 'nonimmigrant visa.'" The parties stipulated that Gear had been admitted into the United States under a nonimmigrant visa. ECF

No. 125-7, PageID # 1458.  At the time, the Supreme Court had not yet decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which addressed the Government's obligation to prove what a defendant knew.  The jury was not instructed on the knowledge requirement identified in *Rehaif*.  On May 10, 2019, the jury found Gear guilty of possessing a firearm in violation of § 922(g)(5)(B).  ECF No. 108.

On June 21, 2019, the Supreme Court issued its *Rehaif* decision.  The Court examined the interaction between 18 U.S.C. § 922(g), which prohibits certain classes of individuals (such as aliens admitted to the United States on nonimmigrant visas) from possessing firearms, and 18 U.S.C. § 924(a)(2), which states that "whoever knowingly violates" § 922(g) is subject to penalties of up to 10 years of imprisonment.  The Court held that, for a conviction under § 922(g), the Government must establish both that the defendant knowingly possessed a firearm *and* that the defendant knew his or her status.  *Rehaif*, 139 S. Ct. at 2195-96, 2200.  As the Government now concedes, the instruction given to the jury did not include any mention of the need to prove that Gear knew that he had been admitted to the United States under a nonimmigrant visa.  ECF No. 125, PageID # 1338.

On August 7, 2019, Gear moved for a new trial.  ECF No. 122.  On September 13, 2019, this court held that the omission of that element in the jury instructions was harmless because the

4

jury verdict would have been the same even if the jury had been instructed that Gear's knowledge of his immigration status was an element of the offense. ECF No. 138, PageID # 1773.

**III. STANDARD FOR RELEASE PENDING APPEAL.**

Persons convicted of federal crimes are not eligible for release pending appeal unless a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . , and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i) reversal,
> >
> > (ii) an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).

**IV. ANALYSIS.**

    **A. The Present Record Indicates that Gear is not Likely to Flee.**

Gear first must demonstrate, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released. 18

U.S.C. § 3143(b)(1).  The Government concedes that Gear is not a danger to the safety of any other person or the community.  ECF No. 158, PageID # 2060.  This court also finds that, based on the evidence currently before it, Gear has established by clear and convincing evidence that is not a flight risk.

Most importantly, Gear has not fled even though he has not been incarcerated during the last seven months.  Gear was convicted on May 10, 2019, ECF No. 108, and on September 25, 2019, this court sentenced Gear to 15 months of imprisonment but stayed mittimus until January, 21, 2020.  ECF No. 141.  Gear did not flee after his conviction or his sentencing.  That behavior supports Gear's contention that he is not a flight risk.

Indeed, nothing in the present record indicates that Gear is a flight risk.  While on bail, he traveled to Australia for his wife's deposition and returned as promised.  Moreover, the Government continues to possess his passports, and he continues to be subject to GPS monitoring and a curfew.[1]  This court now adds the requirement that Gear state in writing under penalty of perjury that he has not applied for a new passport.

---

[1] At the hearing on this motion, the Government asked that Gear be required to post collateral.  This court directed Pretrial Services to submit a recommendation addressing whether Gear should submit appropriate collateral to ensure he does not flee.  Pretrial Services discussed a potential financial condition with both sides, and, based on its review of the circumstances, recommended not changing the conditions of bail by adding a financial condition.  The court adopts that recommendation.

Such a statement must be filed on the first working day of each month. This court concludes that, based on the evidence currently before it, Gear has met his burden of showing that he is not a flight risk.

**B. Gear Raises a Substantial Question of Law.**

Gear also must establish that this appeal raises a substantial question of law. "An issue on appeal is 'substantial' if it is 'fairly debatable' and 'of more substance than would be necessary to a finding that it was not frivolous.'" *United States v. Berckmann*, 2019 WL 984274, at *4 (D. Haw. Feb. 28, 2019) (quoting *United States v. Handy*, 761 F.2d 1279, 1282, 1282 n.2 (9th Cir. 1985)). "That is, a defendant 'need not present an appeal that will likely be successful,' but rather must present 'only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions.'" *Id.* (quoting *Garcia*, 340 F.3d at 1020 n.5). Although, as discussed below, Gear has overstated his likelihood of success on appeal, this court concludes that he has identified a nonfrivolous argument that, if successful, will likely result in a new trial.

Gear was convicted under 18 U.S.C. § 922(g)(5)(B). Under 18 U.S.C. § 922(g), it is unlawful for several different classes of individuals to posses firearms. The subsection at issue here, § 922(g)(5)(B), prevents aliens who have "been

7

admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(26))" from possessing firearms.  In turn, 8 U.S.C. § 1101(a)(26) defines a "nonimmigrant visa" as "a visa properly issued to an alien as an eligible nonimmigrant by a competent officer as provided in this chapter."  There is no dispute that Gear entered the United States on an H-1B visa, and that an H-1B visa is a nonimmigrant visa.

On appeal, Gear intends to argue that the Supreme Court's decision in *Rehaif* entitles him to a new trial.  In *Rehaif*, the Supreme Court held that, in prosecutions under 18 U.S.C. § 922(g), the Government must prove that the defendant knew that "he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  In ruling on Gear's motion for a new trial, this court recognized that, under *Rehaif*, the jury instructions were incomplete.  ECF No. 138, PageID # 1764.  Without ruling on whether the law required application of the harmless error or plain error standard, this court, even applying the harmless error standard as more favorable to Gear, noted that the evidence clearly established that Gear knew that he entered the United States on an H-1B visa.  *Id.* at 1772.

In reaching that conclusion, this court explained that,

as it read the applicable law, "the Government needed to establish that Gear knew that he possessed an H-1B visa (a question of fact), not that Gear knew that an H-1B visa was a nonimmigrant visa (a question of law)."  *Id.* at 1767-68.

This court recognized that *Rehaif* may require the Government to prove that a defendant knew certain matters of law under some of § 922(g)'s subsections.  *Id.* at 1768.  For instance, § 922(g)(5)(A) prohibits aliens who are "illegally or unlawfully in the United States" from possessing firearms.  "Because membership in that group is defined by an illegal act, the Government may have to prove that a defendant knew that he was in this country illegally to know that he could not a possess firearm under subsection (g)(5)(A)."  *Id.* at 1768.  To the extent *Rehaif* held that the Government may have to show that a defendant knew certain matters of law, it relied on the language of that subsection.  139 S. Ct. at 2198 ("The defendant's status as an alien 'illegally or unlawfully in the United States' refers to a to a legal matter[.]"); *see also United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (holding that the government must prove knowledge of law in prosecutions under § 922(g)(5)(A)).  Similarly, because § 922(g)(3) prohibits "unlawful users" of a controlled substance from possessing firearms, the Government may have to prove that a defendant had some knowledge of federal drug law to obtain a conviction under that subsection.  ECF No. 138,

9

PageID # 1769; *see also United States v. Bowens*, 938 F.3d 790, 798 (6th Cir. 2019).

But this court held that § 922(g)(5)(B) is different because it does not define the class of individuals prohibited from owning a firearm as persons acting illegally. Instead, the relevant class is persons who "have been admitted to the United States under a nonimmigrant visa (as that term is defined in . . . 8 U.S.C. § 1101(a)(26))." This court held that § 922(g)(5)(B)'s citation to 8 U.S.C. § 1101(a)(26) should be construed as a "shorthand reference" to the types of visas, such as H-1B visas, that fall under the definition in § 1101(a)(26). ECF No. 138, PageID # 1771. That ruling is consistent with several Supreme Court decisions. *See, e.g.*, *McFadden v. United States*, 135 S. Ct. 2998, 2304 (2015); *United States v. Int'l Minerals and Chem. Corp.*, 402 U.S. 558, 562 (1971). Thus, to establish that Gear knew he was in the relevant category of persons, it is sufficient if the Government proves that Gear knew that he possessed an H-1B visa, without proving that Gear knew how the term was defined in 8 U.S.C. § 1101(a)(26).

Gear, however, appears to contend that, under *Rehaif*, the Government had to show that he knew how 8 U.S.C. § 1101(a)(26) defined "nonimmigrant visas" and knew that an H-1B

10

visa fell under that definition.[2] *See* ECF No. 155, PageID # 1993 (arguing that *Rehaif* requires "knowledge of the law itself"); *see also* ECF No. 162, PageID # 2101 (same). Gear therefore argues that the omission of an element in the jury instructions was fatal, because no evidence at trial established that he possessed such knowledge. ECF No. 155, PageID # 1994. Indeed, if Gear is correct, it is hard to see how the Government could ever secure a conviction under § 922(g)(5)(B).

According to Gear, this court's rejection of his position is in "tension" with the decisions discussed previously interpreting other subsections of § 922(g). ECF No. 155, PageID # 1992. But, as noted earlier in this order, the language in those subsections is not comparable to the language of § 922(g)(5)(B). This court does not perceive any conflict between its ruling and the decisions cited above. *See Rehaif*,

---

[2] The Government points to a plethora of evidence that it contends demonstrates that Gear knew that a H-1B visa was a visa issued to him as an eligible nonimmigrant, which is how 8 U.S.C. § 1101(a)(26) defines "nonimmigrant visa." ECF No. 158, PageID # 2066-2073. For instance, the Government cites an exhibit that it included as Exhibit 68 in its exhibit binder but never introduced into evidence. That exhibit is a copy of the application that Gear's employer filed on his behalf for an H-1B visa. While the application does indicate that an H-1B visa is a nonimmigrant visa, ECF No. 157-1 PageID #2004, it does not appear that Gear submitted or signed the form. *Id.* at 2009-10.

In any event, Gear is arguing that the Government needs to show that he knew how the law defined "nonimmigrant visas." Gear has a nonfrivolous argument that the Government's evidence does not resolve that issue.

11

139 S. Ct. at 2200 ("We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.").

Nevertheless, another court might interpret *Rehaif* as holding that, under some subsections of § 922(g), the Government must prove that the defendant knew certain matters of law. *See* 139 S. Ct. at 2198. *Rehaif* is a recent decision, and courts continue to examine its implications. Neither the Supreme Court nor the Ninth Circuit has addressed the impact of *Rehaif* on § 922(g)(5)(B). Based on the present state of the law, Gear's *Rehaif* argument raises a nonfrivolous issue on appeal that, if successful, will likely result in a new trial.[3]

---

[3] This court does not reach the second argument Gear intends to raise on appeal: that the indictment failed to include an element of the offense and that, under *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999), "an indictment's failure to allege an element of an offense is structural error that ordinarily requires reversal without any showing of harmlessness." ECF No. 155, PageID # 1995.

This court notes, however, that the rule that errors in the charging document are structural does not apply when the appellate court reviews for plain error. *United States v. Salazar-Lopez*, 506 F.3d 748, 752-53 (9th Cir. 2007) ("The reach of *Du Bo* has been limited somewhat, as we have distinguished it from situations where the challenge to the indictment was untimely, because no objection was made at trial."). Because Gear did not challenge the sufficiency of the indictment before his conviction, the Ninth Circuit's review may be for plain error. In that event, to prevail on his second argument, Gear will also have to establish prejudice.

### B. The Government's Motion to Expand the Record on Appeal is Denied.

The Government has moved to have this court expand the record on appeal to include certain materials that it contends are relevant to Gear's motion for release pending appeal. *See* ECF No. 163, PageID # 2131. This court has considered those documents in deciding Gear's motion for release pending appeal. For instance, as discussed above, it considered the document the Government included in its exhibit binder as potential Exhibit 68.[4] Thus, the documents the Government is concerned about are a part of this court's record.

The Government's motion, however, asks this court to expand the record before the Ninth Circuit. This court will not issue a ruling that addresses what documents the Ninth Circuit should or should not consider. If the Government wants additional materials to be a part of the record on appeal, it should file an appropriate motion with the Ninth Circuit.

### V. CONCLUSION.

Gear's motion for release pending appeal is granted in part. Mittimus is stayed until April 20, 2020, at 5 p.m. At that point, this court will consider further developments in either the factual record or the law and determine whether Gear

---

[4] The Government did not introduce the exhibit at trial because the parties stipulated that Gear had entered the United States on a nonimmigrant visa.

continues to be eligible for release pending appeal.

This court will conduct a status conference on April 20, 2020, at 10:30 a.m. concerning the progress of Gear's appeal. Under 18 U.S.C. § 3143(b)(1)(B), Gear is only entitled to release pending appeal if the appeal is not for the purpose of delay. If Gear continues to seek extensions that delay the filing of his appellate briefs, or if he does not seek expedited consideration of his appeal, that may indicate that Gear is using his appeal to delay his incarceration.

The Government's motion to expand the record on appeal is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2020



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*United States v. Gear*, Crim. No. 17 00742 SOM; ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL AND DENYING THE GOVERNMENT'S MOTION TO EXPAND THE RECORD ON APPEAL