IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00742 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR COMPASSIONATE |
| | ) | RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| MELVYN GEAR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION.**

In 2019, after a 4-day trial, a jury convicted Defendant Melvyn Gear of Count I of the Indictment, which charged Gear with knowingly possessing a firearm while being an alien admitted to the United States on a nonimmigrant visa, a violation of 18 U.S.C. § 922(g)(5)(B). *See* ECF No. 108.  In September 2019, the court sentenced Gear to 15 months of imprisonment, a $12,000 fine, and a $100 special assessment, but stayed mittimus until January 21, 2020.  No term of supervised release was imposed.  *See* ECF Nos. 141 and 142.  Gear appealed and mittimus was again stayed until April 20, 2020.  *See* ECF Nos. 145, 164. In April 2020, mittimus was stayed until further order of the court.  *See* ECF Nos. 178 and 180.  In July 2020, mittimus was stayed pending the disposition of Gear's appeal.  *See* ECF No. 186.

On January 19, 2021, the Ninth Circuit affirmed Gear's conviction and sentence. *See* ECF Nos. 193. On August 30, 2021, the Ninth Circuit amended its opinion. *See* ECF No. 203. The facts underlying Gear's conviction were succinctly set forth in that amended opinion and are incorporated herein by reference. *See id.* The court notes that Gear's possession of a firearm was not as innocent as his motion contends. While he now says that his former wife "inadvertently included" the weapon when shipping his belongings to him from Australia to Hawaii, the record clearly establishes that Gear, aware that he could not possess a weapon, knowingly retained the firearm after he received it among items shipped to him. Whether Gear's wife inadvertently sent him the weapon is irrelevant. *See* ECF No. 203, PageID # 2482 (noting that Gear had told Government agents that "he couldn't possess a firearm in the State of Hawaii because he was not a U.S. citizen;" admitting that his ex-wife had shipped a rifle and gun safe to Hawaii but claiming to the agents that they had been thrown away "[b]ecause he didn't want [the rifle], he couldn't have it;" but confessing to the agents in the face of a search warrant, "You know, guys, I want to be honest with you. The gun and gun safe is in the garage.").

On November 29, 2021, Gear filed a petition for writ of certiorari with the United States Supreme Court. *See* ECF No.

220.  On March 7, 2022, that petition was denied.  *See* ECF No. 227.  Mittimus was then set for March 8, 2022.  *See* ECF No. 226.

Gear is currently imprisoned at FDC Honolulu and has a projected release date of March 31, 2023, given good time credit. *See* https://www.bop.gov/mobile/find_inmate/index.jsp (input inmate number 06036-122) (last visited January 6, 2023).  Without good time credit, Gear's full term would end on June 6, 2023. *See* ECF No. 232-2.  Gear, a citizen of Australia, is subject to an immigration detainer.  *See* ECF No. 232-4.

On November 21, 2022, Gear filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  He makes four arguments: 1) that he received inadequate medical care when he failed to receive treatment for long-haul COVID-19, including lethargy, weight loss, and vertigo; 2) that he failed to receive treatment for a broken finger, resulting in its being deformed and requiring surgery in the future; 3) that as a noncitizen he is ineligible for earned time credits under the First Step Act; and 4) that he should be released and allowed to return to Australia.  *See* ECF No. 230.  None on these arguments alone or in combination justifies compassionate release. Accordingly, Gear's request for compassionate release is denied.

**III.    ANALYSIS.**

Gear's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

3

> [T]he court . . . upon motion of the
> defendant after the defendant has fully
> exhausted all administrative rights to appeal
> a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse
> of 30 days from the receipt of such a request
> by the warden of the defendant's facility,
> whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of
> probation or supervised release with or
> without conditions that does not exceed the
> unserved portion of the original term of
> imprisonment), after considering the factors
> set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons
> warrant such a reduction . . . .
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request. If a defendant has satisfied the exhaustion requirement, then the court may only exercise its discretion after examining three considerations. First, it must find that extraordinary and compelling reasons warrant a sentence reduction. Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion). Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular

4

circumstances presented that the requested reduction in sentence is warranted.  *See United States v. Wright*, 42 F.4th 1063, 1070 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 42 F.4th at 1070-71.

### A. Gear Has Satisfied the Administrative Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).

The Government does not dispute that Gear has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  Gear says that he exhausted his prison remedies with his warden and that more than 30 days have passed since he submitted his administrative remedy request.  Accordingly, the court rules that Gear has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a

5

particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. *See United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). While new members of the Sentencing Commission have indicated that guideline amendments are forthcoming, "[t]he Government concedes that there are no applicable Sentencing Commission policy statements governing compassionate release motions filed by defendants under § 3582(c)(1)(A)." ECF No. 232, PageID # 2555. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228,

235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

Recently, the Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

### C. **Gear Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release**.

Gear bears the burden of establishing an extraordinary and compelling reason warranting compassionate release. *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021). Gear is fully vaccinated against COVID-19. *See* ECF No. 232-3, PageID # 2570. On May 31, 2022, despite being vaccinated, he contracted COVID-19. *See* ECF No. 232-3, PageID # 2597. He was thereafter placed in quarantine and told to follow up at sick call and chronic care, as needed. *Id.*, PageID # 2598. He was seen by a nurse four days later, on June 4, 2022,

when he did not have a cough, shortness of breath, fatigue, body aches, sore throat, diarrhea, headache, loss of taste or smell, nausea, or vomiting.  *Id.*, PageID # 2599.  A day later, on June 5, 3022, he again saw a nurse, reporting the same lack of symptoms.  *Id.*, PageID # 2600.  On June 7, 8, 9, and 10, 2022, the nurse again saw Gear, and Gear again denied having the same symptoms.  *Id.*, PageID #s 2601-04.  The BOP appears to have monitored Gear during his COVID-19 exposure despite the lack of symptoms.

     On July 7, 2022, Gear reported having been dizzy since the previous day and was told he had vertigo.  *Id.*, PageID # 2605.  He was prescribed Meclizine HCI tablets for the vertigo.  *Id.*, PageID # 2606.  Gear did not receive the prescribed Meclizine HCI tablets for at least five months.  The Government says that they were not stocked at FDC Honolulu.  *See* ECF No. 232, PageID # 2552 (stating that counsel for the Government inquired as to why Gear had not received the medicine and was told that, because it was not in stock, approval had to be obtained; counsel expected Gear to receive the medicine later on December 20, 2022).  While the extraordinary length of time it took to get the medicine to Gear appears unjustified, Gear does not argue that he suffered from vertigo the entire five months before the medicine arrived, or that it has been debilitating.  Under these circumstances, the delay in getting Gear his medicine

does not justify compassionate release.

Gear says he suffers from long-haul COVID-19, experiencing lethargy, weight loss, and vertigo.  Those conditions are not extraordinary and compelling reasons justifying compassionate release.  *See United States v. Constantine,* Case No. 18-20655, 2021 WL 4487966, at *4 (E.D. Mich. Oct. 1, 2021) (joining other district courts in holding that long-haul symptoms of COVID-19, including shortness of breath, headaches, and fatigue, are not extraordinary and compelling reasons justifying release from prison, particularly when such symptoms are manageable in the prison setting).  In any event, the record also fails to establish that Gear's alleged lethargy, weight loss, and vertigo are actually long-haul symptoms caused by COVID-19 or that they cannot be managed at FDC Honolulu.

Gear also seeks compassionate release based on the BOP's failure to timely treat his broken finger.  The Government claims that any delay in treating the broken figure was caused by Gear's failure to seek treatment.  Gear says he injured his finger in June 2022 and made "repeated COP-outs to Health Services staff requesting x-ray and treatment."  ECF No. 230, PageID # 2542.  That claim is not substantiated by actual documents in the record.  The record reflects that, on August 15, 2022, the BOP health services received a picture of Gear's left

9

pinky that appeared to show that it was broken.  *See* ECF No. 232-3, PageID # 2608.  The same day, an x-ray was taken of it.  A radiologist determined: "Soft tissue swelling at the left fifth PIP joint without radiographic evidence for an acute fracture or joint space malalignment.  Retained 2 mm radiodense foreign body in the volar soft tissues at the tip of the left fifth finger."  *Id.*, PageID # 2609.  The record thus indicates a dispute as to whether the BOP failed to treat Gear for a broken finger (or any foreign body in it) for several months.  On the present record, this court cannot conclude that the finger presents an extraordinary and compelling reason justifying early release.

        Gear next argues that he "does not qualify for First Step Act (FSA) earned time credits or other related benefits."  ECF No. 230, PageID # 2542.  After receiving the Government's Opposition, Gear appears to have withdrawn that argument, saying, "Defendant agrees with the Government's response to the application of (1) Good Conduct Time and (2) First Step Act of 2018 earned time credits."  Gear now says that the Government has not accurately calculated his earned time credits and that his projected release date should have been in December 2022.  Again, there appears to be a dispute regarding the calculation of earned time credits.  This court cannot conclude on the present record that there is a miscalculation manifesting an extraordinary and compelling reason justifying compassionate release.  *See United*

*States v. Penitani*, 2022 WL 4132900, at *4 (D. Haw. Sept. 12, 2022) ("Penitani does not show an extraordinary and compelling reason justifying compassionate release in claiming that the BOP has failed to consider him for low security status or to calculate his earned time credits.").

Finally, Gear argues that he should be compassionately released because he is willing to return to Australia voluntarily. Gear says that, if released, he will not challenge removal from the country via any deportation hearing he might be subject to. *See* ECF No. 233, PageID # 2620. That is not an extraordinary and compelling reason justifying compassionate release. This court determined that the sentence imposed was reasonable for the crime Gear committed. While there is some authority supporting compassionate release of a defendant when a defendant might be deported, those cases also involved health conditions amounting to extraordinary and compelling reasons justifying early release. *See, e.g.*, *United States v. Reyes-De La Rosa*, 2020 WL 3799523, at *1 (S.D. Tex. July 7, 2020) (granting compassionate release to a defendant who was a citizen of Mexico, had served 37 months of a 46-month prison sentence for illegal re-entry, had Hepititis-C, and sought compassionate release supported by the Government); *United States v. Morrison*, No. 19-CR-284-PWG, 2020 WL 3447757, at *1 (D. Md. June 24, 2020) (granting compassionate release to a defendant who was a Jamaican

11

citizen with potential prostate cancer and had less than three months left on an 18-month sentence for the crime of illegal re-entry). Analogous medical conditions are lacking here.

Because Gear has failed to establish an extraordinary and compelling reason justifying his early release, his motion for compassionate release is denied.

### III.     CONCLUSION.

Gear's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, January 11, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Gear*, Cr. No. 17-00742 SOM; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE